IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JENIFER SMITH                                                                                         PLAINTIFF

v.                            Civil No. 04-6119

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Plaintiff, Jenifer Smith, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her applications for childhood disability benefits (hereinafter "CDB"), pursuant to §§ 202 and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 402* and *423*. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted here except as necessary (Doc. #9 & 10).

The plaintiff asserts disability due to: panic attacks; inverted left hip; endometriosis; inability to concentrate; learning disability; cognitive disorder; attention deficit disorder; schizophrenia; depression; and, fatigue. The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence. Specifically, the plaintiff asserts that the ALJ erred: by not giving adequate credence to the opinions of plaintiff's treating physicians; and, in ruling that her condition does not meet or equal the requirements of a listed impairment.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 404.1520(b).* If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id., § 404.1520©); see 20 C.F.R. § 404.1526.* If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 404.1520(d).* If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 404.1520(e).* If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id., § 404.1520(f).* If so, benefits are denied; if not, benefits are awarded.

In addition, because this case involves a claim for childhood disability benefits, plaintiff also has to show that she is eligible for those benefits, under the Act. The regulations provide that a plaintiff seeking CDB must show that she is the insured person's child, is dependent on

-2-

AO72A
(Rev. 8/82)

the insured, is unmarried and, if the plaintiff is over the age of 18, that she has a disability that began before the age of 22. *20 C.F.R. § 404.350(a).*

Plaintiff's application was filed on May 23, 2002, alleging an onset date for CDB of January 31, 1995. Her application was denied initially and upon reconsideration, after which she requested an administrative hearing. The hearing was held on October 14, 2003, and plaintiff, her mother and her father each gave testimony (T. 315-352). She attained age 22 on February 10, 1995, and was 30 years of age at the time of the administrative hearing (T. 51, 318). Plaintiff has an eighth grade formal education, and a Graduate Equivalency Diploma. She also attended Garland County Community College for a time, but did not receive a certificate (T. 320). The ALJ issued an unfavorable decision dated March 25, 2004, which contained the following findings:

1. Claimant meets the non-disability requirements for Childhood Disability Benefits set forth in Section 202(d) of the Social Security Act (with the exceptions noted in 20 CFR § 404.335(b)(2)).

2. Claimant has not engaged in substantial gainful activity since the alleged onset date.

3. Claimant did not have any impairment that, prior to February 10, 1995, the date she attained age 22, significantly limited her ability to perform basic work-related activities; therefore, the claimant did not have a "severe" impairment (20 CFR § 404.1520).

4. Claimant was not under a "disability" as defined in the Social Security Act, at any time prior to February 10, 1995, the date she attained age 22 for Social Security benefit purposes (20 CFR § 404.1520(e)).

(T. 18).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

To establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*.

In order to qualify for disability benefits, "[a] physical or mental impairment must be established by medical evidence consisting of signs, symptoms and laboratory findings, not only by [a claimant's] statement of symptoms." *20 C.F.R. § 404.1508*. Signs are "anatomical, physiological or psychological abnormalities which can be observed apart from [a claimant's] statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques." *20 C.F.R. § 404.1528(b)*. "Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of medically

acceptable laboratory diagnostic techniques." *20 C.F.R. § 404.1528©)*.

In evaluating the plaintiff's subjective complaints, the ALJ must consider the plaintiff's allegations of pain, but also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir.1992)*. The ALJ may discredit subjective complaints inconsistent with the record as a whole. *Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir.1993)*. The law on this issue is clear. Under *Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir.1984)* (subsequent history omitted), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995)*; see also *Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*.

Notwithstanding, it is recognized that the ALJ, in the instant matter, made his decision at step two of the sequential process, which decision is made based solely upon the medical evidence.

At step 2 of the sequential evaluation process, the ALJ concluded that, prior to February 10, 1995, the plaintiff had no impairment which significantly limited her ability to perform work-related activities[1], and therefore, concluded that she had no severe impairment,

---

[1] The ability to do most work activities encompasses "the abilities and aptitudes necessary to do most jobs." *Williams v. Sullivan, 960 F.2d 86, 88 (8th Cir.1992)*. Examples include physical functions such as walking, sitting, standing, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work situation. *Id.*

AO72A
(Rev. 8/82)

and was not disabled.

The United States Supreme Court has recognized that this severity regulation increases efficiency by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found disabled even if their age, education and work experience were taken into account. *Bowen v. Yuckert, 482 U.S. 137, 153 (1987).*

However, a majority of the Court adopted a standard allowing a denial of benefits at step 2 for "[o]nly those claimants with slight abnormalities that do no significantly limit 'any work activity.'" *Bowen v. Yuckert, 482 U.S. at 158.*

Thus, the sequential evaluation process can be terminated at step 2 only in cases where there is "no more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir.1989).* While the plaintiff did have the burden of showing a severe impairment that significantly limited her physical or mental ability to perform basic work activities, the burden of a plaintiff at this stage of the analysis is not great. *Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir.2001).*

Further, the Social Security Administration has published a ruling on the issue of severe impairments which cautions:

> Great care should be exercised in applying the not severe impairment concept. **If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued....** [S]equential evaluation requires that the adjudicator evaluate the individual's

---

*at 88-89; 20 C.F.R. § 1521(b).*

> ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

*Social Security Ruling 85-28, quoted in Yuckert, 482 U.S. at 158, 107 S.Ct. 2287* (emphasis supplied). Applying this cautious standard to the evidence in the administrative record, we conclude that substantial evidence does not support the ALJ's decision to stop the sequential analysis of the plaintiff's claim with a step two finding that she has no severe impairment. See *Gilbert v. Apfel, 175 F.3d 602, 604-05 (8th Cir.1999)*.

In addition, it should be noted that whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

Finally, in cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994))*. Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v. Shalala, 18 F.3d at 622*. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United

States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993).

As has been stated, an individual is "disabled" under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*. The burden of establishing a compensable disability under the Act is initially on the claimant. See *Kerns v. Apfel, 160 F.3d 464, 466 (8th Cir.1998); Riley v. Shalala, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987))*. However, the submission of the additional evidence to the Appeals Council complicates the analysis; thus, this court now turns to that additional evidence.

**Discussion:**

In his decision, the ALJ stated:

There is no doubt that at a later date claimant did develop a limiting mental health condition. However, claimant's allegations concerning the onset date of severe impairments is not credible. Although claimant and family have alleged rather marked functional limitations, the true extent of claimant's functional limitations on and before February 9, 1995 was significantly less than that alleged.

(T. 17). However, the following letter was submitted to, and considered by the Appeals Council approximately three (3) months after the ALJ's decision. Written by Dr. James Davis, who was plaintiff's treating physician during much of the relevant time period, it states:

> Re: Jenifer S. Smith
> d.o.b.: February 11, 1973
>
> I am a retired family practice physician who cared for Jenifer from 1979 to 1995 at Mount Ida, Arkansas.
>
> Jenifer was always a verbal youngster but it was obvious she always had severe personality, character, and intellectual disabilities.
>
> She has a wonderfully supportive family and the small community knew and sustained Jenifer during her childhood.
>
> However, Jenifer had a severe learning disability and reads and performs at about the 3rd grade level. She never successfully completed a single middle school or high school credit.
>
> Her behavior when I knew her was not psychotic but always slightly in appropriate.
>
> When I last saw her she had not been able to hold any job.
>
> In retrospect we should have realized that Jenifer was disabled from birth and should have sought disability status early in her life. However, the support of her family and her verbal nature lulled us into an unreasonable optimization about her ability to cope in society. (i.e.) It is now obvious Jenifer has been disabled all her life.

(T. 310-312).

> In his opinion, the ALJ determined:
>
> Other than the family/group counseling records, there is no evidence of "mental health treatment" on or prior to February 9, 1995. The earlier records of detailed evaluation only date to October 1995, or more than six months after claimant attained age 22 (Exhibit 1F, 2F, 3F, 4F). Moreover, there is no evidence of psychosis prior to late 1999/early 2000 when claimant first required psychiatric treatment (Exhibits 6F-9F, 13F, 15F).

(T. 17). Clearly, Dr. Davis' opinion belies this statement. Unfortunately, this letter was not before the ALJ when he rendered his decision. Nonetheless, it was considered by the Appeals Council and therefore, it is a part of the administrative record.

AO72A
(Rev. 8/82)

Based on the foregoing, we find that there is a reasonable likelihood that this evidence would have, at the very least, changed the ALJ's decision with respect to his termination of the sequential evaluation process at step two. Likewise, this evidence leads the undersigned to the determination that the ALJ's conclusion, to the effect that plaintiff's impairments did not significantly limit her ability to perform basic work-related activities, is not supported by substantial evidence of record.

**Conclusion:**

Thus, the undersigned concludes that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for the reasons set forth above.

ENTERED this 16th day of September, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)